IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SYLVIA M. CALLAHAN,<br>an Individual, and<br>DANIEL J. CALLAHAN, JR.,<br>an Individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>UNITED AIRLINES, INC.,<br>a Delaware corporation;<br>UNITED CONTINENTAL HOLDINGS,<br>INC., a Delaware corporation;<br>UNITED EXPRESS,<br>a Delaware corporation;<br>STAR ALLIANCE,<br>a Delaware corporation;<br>JOHN DOE CORPORATIONS 1-99; and<br>JOHN AND/OR JANE DOE 1-10,<br>Unknown Individuals,<br><br>    Defendants. | Case No. CIV-16-680-M |

## ORDER

Before the Court is defendants United Airlines, Inc. and United Continental Holdings, Inc.'s ("Moving Defendants") Motion to Dismiss Plaintiffs' Amended Complaint, filed July 6, 2017. On July 27, 2017, plaintiffs filed their response, and on August 3, 2017, Moving Defendants filed their reply.

I. Introduction

On June 20, 2014, plaintiffs were passengers on United Airline Flight UA1017 returning from Cancun, Mexico to Oklahoma City, Oklahoma. Plaintiffs allege that as the flight landed in Houston, Texas, for a connecting flight, the airplane's landing gear abruptly and unexpectedly struck the runway with such force as to cause plaintiff Sylvia M. Callahan to sustain severe injuries

to her spine.  Plaintiffs further allege that plaintiff Sylvia M. Callahan subsequently underwent medical treatment and is advised by her healthcare providers that her spinal injury, for which there is no meaningful treatment or cure, is permanent.

On June 17, 2016, plaintiffs filed the instant action.  On June 22, 2017, plaintiffs filed their Amended Complaint alleging the following causes of action:  (1) violation of Oklahoma law:  negligence; (2) violation of Oklahoma law:  gross negligence; (3) violation of Oklahoma law:  negligent infliction of emotional distress; (4) violation of Oklahoma law:  intentional infliction of emotional distress; (5) violation of Oklahoma law:  breach of contract; (6) violation of Oklahoma law:  loss of consortium; and (7) claims under the Montreal Convention.[1]  Moving Defendants now move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss all of plaintiffs' causes of action on the following grounds:  (1) all state law claims are preempted by the Montreal Convention; (2) the conclusory statements in the Amended Complaint are not sufficient to state a claim under the Montreal Convention; (3) plaintiffs have failed to allege facts sufficient to support any causes of action against defendant United Continental Holdings, Inc. ("United Continental"); and (4) plaintiffs have failed to allege facts sufficient to support their causes of action for gross negligence and intentional infliction of emotional distress against Moving Defendants.

II.     Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the United States Supreme Court has held:

---

[1] The Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, ICAO Doc. 9740, is known as the "Montreal Convention."

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. Discussion

    A. Preemption

Moving Defendants assert that all of plaintiffs' state law causes of action are preempted by the Montreal Convention. The United States is a party to the Montreal Convention, which governs "all international carriage of persons, baggage or cargo performed by aircraft for reward." S.

Treaty Doc. No. 106-45, 1999 WL 33292734, Article 1, Section 2.² The Montreal Convention is the successor to the Warsaw Convention. "The Montreal Convention still retains many of [the] original provisions and terms of the Warsaw Convention, and the courts have continued to rely on cases interpreting equivalent provisions in the Warsaw Convention." *Sanches-Naek v. Tap Portugal, Inc.*, No. 16-cv-1843 (VAB), 2017 WL 1702231, at *3 (D. Conn. May 2, 2017) (internal quotations and citation omitted).

Article 17, Section 1 of the Montreal Convention addresses the injury of passengers. It provides:

> The carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

S. Treaty Doc. No. 106-45, 1999 WL 33292734, Article 17, Section 1.³ Because the alleged injuries to plaintiff Sylvia M. Callahan occurred while she was a passenger on board a flight of international carriage, the Court finds that plaintiffs' claims fall within the scope of the Montreal Convention. The Court, thus, must now determine whether plaintiffs' state law causes of action are preempted by the Montreal Convention.

Neither the United States Supreme Court nor the Tenth Circuit has specifically addressed whether the Montreal Convention preempts state law claims falling within its scope and provides an injured passenger's exclusive remedy. Courts are divided on this issue.⁴ The Supreme Court

---

² Plaintiffs do not dispute the flight at issue constitutes international carriage.
³ It is undisputed that plaintiff Sylvia M. Callahan's alleged injury took place on board the aircraft.
⁴ The Court, however, would note that the majority of the cases cited by both plaintiffs and Moving Defendants address the issue of complete preemption in relation to a motion to remand. As the instant case was not removed to this Court, and as plaintiffs are specifically asserting a cause of action under the Montreal Convention, the Court finds the issue of complete preemption is not applicable to the instant case.

has addressed preemption in relation to recovery for a personal injury suffered that is not allowed under the Warsaw Convention and has found that said claims are not available at all. *See El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 161 (1999). Further, the Supreme Court found that recourse to local law "would undermine the uniform regulation of international air carrier liability that the Warsaw Convention was designed to foster." *Id.*

Having reviewed the Montreal Convention's provisions, its purpose, and relevant authorities, the Court finds that the Montreal Convention does preempt state law claims falling within its scope and provides an injured passenger's exclusive remedy. First, the Court finds that the Montreal Convention's provisions strongly support a finding of preemption. Specifically, Article 29 provides:

> In the carriage of passengers, baggage and cargo, any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention without prejudice to the question as to who are the persons who have the right to bring suit and what are their respective rights. In any such action, punitive, exemplary or any other non-compensatory damages shall not be recoverable.

S. Treaty Doc. No. 106-45, 1999 WL 33292734, Article 29. By mandating that any action, no matter the basis, "can only be brought" subject to its provisions, the Court finds that the Montreal Convention plainly establishes itself as the exclusive cause of action for claims within its scope. Second, the Court finds the Montreal Convention's purpose also supports a finding of preemption. Specifically, the Court finds that allowing state law causes of action to be brought would undermine the uniformity and certainty embodied in the Montreal Convention. The Court,

therefore, finds that plaintiffs' state law causes of action are preempted by the Montreal Convention and should be dismissed.[5]

B. Montreal Convention cause of action

Moving Defendants contend that the allegations in plaintiffs' Amended Complaint fail to state a claim against Moving Defendants under the Montreal Convention. Plaintiffs' Montreal Convention cause of action arises under Article 17, Section 1 of the Montreal Convention. To prevail on an Article 17, Section 1 cause of action, a plaintiff must show: (1) an accident; (2) that caused death or bodily injury; and (3) that took place on the plane or in the course of any of the operations of embarking or disembarking. *See Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1172 (11th Cir. 2014). The Supreme Court has defined "accident" under Article 17 as "an unexpected or unusual event or happening that is external to the passenger." *Air France v. Saks*, 470 U.S. 392, 405 (1985). The Supreme Court further found that this definition "should be flexibly applied after assessment of all the circumstances surrounding a passenger's injuries." *Id.*

Having carefully reviewed plaintiffs' Amended Complaint, and presuming all of plaintiffs' factual allegations are true and construing them in the light most favorable to plaintiffs, the Court finds that plaintiffs have set forth sufficient factual allegations to state a cause of action under the Montreal Convention in relation to plaintiff Sylvia M. Callahan. Specifically, the Court finds that plaintiffs' allegation in paragraph 1 of the Amended Complaint that "[a]s the United Airline flight landed in Houston, Texas for a connecting flight, the airplane's landing gear abruptly and unexpectedly struck the runway with such force as to cause Plaintiff Sylvia M. Callahan to sustain severe injuries to her spine" is sufficient to show an "accident" that caused plaintiff Sylvia M.

---

[5] Because plaintiffs' state law causes of action are being dismissed, the Court finds that Moving Defendants' third and fourth grounds for dismissal are now moot.

Callahan bodily injury that took place on the plane. Accordingly, the Court finds that plaintiff Sylvia M. Callahan's Montreal Convention cause of action should not be dismissed.

However, having carefully reviewed plaintiffs' Amended Complaint, and presuming all of plaintiffs' factual allegations are true and construing them in the light most favorable to plaintiffs, the Court finds that plaintiffs have not set forth sufficient factual allegations to state a cause of action under the Montreal Convention in relation to plaintiff Daniel J. Callahan, Jr. Specifically, the Court finds that plaintiffs have not sufficiently alleged the occurrence of an "accident" that caused plaintiff Daniel J. Callahan, Jr. bodily injury while on board the aircraft or in the course of any of the operations of embarking or disembarking. Accordingly, the Court finds that plaintiff Daniel J. Callahan, Jr.'s Montreal Convention cause of action should be dismissed.

IV. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Moving Defendants' Motion to Dismiss Plaintiffs' Amended Complaint [docket no. 26] as follows:

(A) The Court GRANTS the motion to dismiss as to plaintiffs' state law causes of action and plaintiff Daniel J. Callahan, Jr.'s Montreal Convention cause of action and DISMISSES said causes of action, and

(B) The Court DENIES the motion to dismiss as to plaintiff Sylvia M. Callahan's Montreal Convention cause of action.

**IT IS SO ORDERED this 28th day of September, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE